**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Greenbelt Division**

| | |
|---|---|
| KIMBERLY HAHN ) <br> a/k/a HEE HAHN ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> N & G CAPITAL, LLC ) <br> FRANK LEWIS ) <br> ) <br> Defendants ) | COMPLAINT <br><br><br> JURY TRIAL DEMANDED |

**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**JURISDICTION**

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), the Maryland Consumer Debt Collection Act ("MCDCA"), and the Maryland Consumer Protection Act ("MCPA") by these Defendants in their illegal efforts to collect a consumer debt from Plaintiff.

3. Supplemental jurisdiction over Plaintiff's state law claims is granted by 28 U.S.C. § 1367(a).

4. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here

**PARTIES**

5. Plaintiff is a resident of Montgomery County, Maryland.

6. Defendant N & G Capital, LLC ("N&G") is a company that specializes in debt collection. Defendant N&G is therefore a debt collector as that term is defined by 15 U.S.C. §1692a(6). Its principal place of business is located at 3608 Union Rd, Suite 224, Cheektowaga, NY 14225.

7. Defendant Frank Lewis (hereinafter "Defendant Lewis") is a natural person who was employed at all times relevant herein by Defendant N&G as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6)

**FACTUAL ALLEGATIONS**

8. In 2009, Plaintiff closed her bank account with Provident Bank. Prior to closing this account, there was an automatic deduction that was to be paid to her automobile insurance company. This was a financial obligation that were primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

9. Accordingly, there was a deficiency of $448.49 on this account.

10. On or about May 18, 2012, Defendant Lewis contacted Plaintiff on behalf of his employer, Defendant N&G, and inquired about the $448.49 balance owed to M&T Bank.[1]

11. Plaintiff stated that she did not know who Defendants were and that she would pay the money directly to M&T Bank.

12. Defendant Lewis identified his employer as "Nichols and Grant Law Firm" and insisted that she pay the money to Defendant N&G instead of directly to M&T.

13. Plaintiff told Defendant Lewis that she needed some time to review her information, so Defendant Lewis told her to call him back at 716-829-1783.

14. When Plaintiff called Defendant Lewis back, he threatened Plaintiff by stating that he had her social security number and began berating her about not paying the debt.

15. During this time, Defendant Lewis rudely interrogated Plaintiff about her inability to pay, questioning whether she had made the right choices in life.

16. At some point during the call, Defendant Lewis told Plaintiff that they would be sending her a summons for a lawsuit and that they would be filing criminal charges against her for writing a bad check.

17. All of the above-described collection communications made to Plaintiff by Defendant Lewis were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(3), 1692e(5), 1692e(7), 1692e(10), 1692e(14), and 1692f, amongst others.

**LEGAL APPLICATION**

18. All of the above-described collection communications made to Plaintiff by each individual Defendant and other collection employees employed by Defendant N&G, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

---

[1] M&T acquired Provident Bank in May of 2009.

19. The above-detailed pattern of conduct by these Defendants of harassing Plaintiff in an effort to collect on the debt were violations of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA.

20. Due to these series of abusive collection calls by Defendant Lewis and his employer, Plaintiff has suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, frustration, amongst other negative emotions.

*Respondeat Superior Liability*

21. The acts and omissions of Defendant Lewis who communicated with the Plaintiff as more further described herein, were committed within the time and space limits of the former's agency relationship with his principal, Defendant N&G.

22. The acts and omissions by Defendant Lewis were incidental to, or of the same general nature as, the responsibilities he was authorized to perform by Defendant N&G in collecting consumer debts.

23. By committing these acts and omissions against Plaintiff, Defendant Lewis was motivated to benefit his principal, Defendant N&G.

24. Defendant N&G is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA, in their attempts to collect this debt from Plaintiff.

**COUNT I. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692 et seq.**

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. This Court in *Awah v. Donaty*, 2009 U.S. Dist. LEXIS 103077 (D. Md. Nov. 4, 2009) stated that in order for Plaintiff to make a successful claim under the FDCPA, he/she must show that

(1) The plaintiff has been the object of collection activity arising from consumer debt;
(2) The defendant is a debtor collector as defined by the FDCPA; and
(3) The defendant has engaged in an act or omission prohibited by the FDCPA.

27. Here, all elements are present, satisfied, and cannot be disputed.

28. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant

to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

WHEREFORE, Plaintiff prays that judgment be entered against the Defendants:

a) For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants and for Plaintiff;

b) For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants and for Plaintiff;

c) For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants and for Plaintiff; and

d) For such other and further relief as this Court deems just and proper.

## COUNT II. VIOLATIONS OF THE MARYLAND CONSUMER DEBT COLLECTION ACT
## MD. CODE ANN., COM LAW II §§ 14-201-14-204

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. The foregoing acts and omissions of each and every Defendant constitute numerous and multiple violations of the MCDCA including, but not limited to, §§ 14-201-14-204 of the MCDCA.

31. As a result of each and every Defendant's violations of the MCDCA, Plaintiff is entitled to actual damages pursuant to §14-203 from each and every Defendant herein.

WHEREFORE, Plaintiff prays that judgment be entered against each Defendant:

a) That the Plaintiff has and recovers against the Defendants a sum to be determined by the Court in the form of actual damages pursuant to Md. Comm. Law § 14-203 against each Defendant and for Plaintiff;

b) For an award of reasonable attorney's fees and costs; and

c) For such other and further relief as this Court deems just and proper.

## COUNT III. VIOLATIONS OF THE MARYLAND CONSUMER PROTECTION ACT
## MD. CODE ANN., COM LAW II §§ 13-301 et. seq.

32. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

33. The foregoing acts of each and every Defendant constitute an unfair and deceptive act as made applicable by §§ 13-301(1), 13-301(14)(iii).

34. As a result of each and every Defendant's violations of the MCDCA, Plaintiff is entitled to actual damages and attorney's fees pursuant to § 13-408 from each and every Defendant herein.

WHEREFORE, Plaintiff prays that judgment be entered against each Defendant:

a) For an award of actual damages pursuant to Md. Comm. Law § 13-408(a) against each Defendant and for Plaintiff;

b) For an award of costs of litigation and reasonable attorney's fees pursuant to Md. Comm. Law § 13-408(b) against each Defendant and for Plaintiff; and

c) For such other and further relief as this Court deems just and proper

**TRIAL BY JURY**

35. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

Respectfully submitted this 21st day of June, 2012.

KIMBERLY HAHN

By:
/s/
Robinson S. Rowe, Bar No. 27752
Attorney for the Plaintiff
Rowe Barnett, PLLC
5906 Hubbard Dr., Suite 4-A
Rockville, MD 20852
TEL: 301-770-4710 / FAX: 301-770-4711
rrowe@rowepllc.com